DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile:  (818) 230-7502

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT - EASTERN DIVISION

| | |
|---|---|
| HARRY NORIESTA, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., a New York corporation; and DOES 1 through 100, inclusive;<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br><br>2. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act);<br><br>3. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act); and<br><br>4. Unfair Competition (Bus. § Prof. Code *§§* 17200 *et seq.)*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Harry Noriesta (herein "Plaintiff"), individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      This class action arises from the acquisition and use of consumer, investigative, and/or credit reports (referred to collectively as "background reports") by KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., a New York corporation and DOES 1 through 100, inclusively (collectively referred to as "Defendants") to conduct background checks on Plaintiff and other prospective, current, and former employees.

2.      Defendants routinely obtain and use information from background reports in connection with their hiring processes without complying with state and federal mandates for doing so. As part of this practice, Defendants provide the requisite disclosure to applicants in their employment application. However, the disclosure that Defendants provide to Plaintiff and each Class Member as part of their hiring process is noncompliant with state and federal statutes.

3.      Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendants' willful or grossly negligent conduct and its systematic and willful violation of, inter alia, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 et seq., Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785 et seq., and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.

/ / /

/ / /

/ / /

1       4.     Defendants have violated the requirements under these statutes by

2  failing to provide proper disclosures. The procurement of background reports for

3  employment purposes is subject to strict disclosure requirements under federal law

4  pursuant to the FCRA and under California law pursuant to the ICRAA and

5  CCRAA. Among other things, an employer may not procure a background report

6  concerning a job applicant unless a "clear and conspicuous" disclosure is made in

7  a stand-alone document that "consists solely of the disclosure" informing the

8  applicant that a report may be obtained for employment purposes.

9       5.     The reason for requiring that the disclosure be in a stand-alone

10  document, according to the Federal Trade Commission ("FTC"), is to prevent

11  consumers from being distracted by other information that is side-by-side within

12  the disclosure.[1] The FCRA seeks to protect important privacy rights and to ensure

13  that consumers receive adequate disclosure and provide adequate authorization for

14  background checks. A stand-alone disclosure form is critical to achieving that

15  goal.

16       6.     Defendants' disclosure is integrated and embedded in its employment

17  application, contains extraneous and irrelevant information, such as the inclusion

18  of state law, which violates the requirement that the disclosure be made in a

19  document that consists *solely* of the disclosure. For these reasons, among others,

20  Defendants' disclosure violates the law.

21       7.     As further alleged herein, Defendants' violations occurred because

22  Defendants willfully have failed to properly apprise themselves of the statutory

23  mandates before seeking, acquiring, and utilizing background reports to make

24  employment decisions; violated the express and unambiguous provisions of the

25  relevant statutes; and/or failed to implement reasonable procedures to assure

26  compliance with statutory mandates.

27

28

---

[1] Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed April 4, 2019).

8.      As a result of Defendants' wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, ICRAA, and CCRAA.

9.      Plaintiff seeks on behalf of himself and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with their legal obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

10.      The FCRA, codified as 15 U.S.C. § 1681 *et seq.*, authorizes Court actions by private parties to recover damages for failure to comply with its provisions. Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because at least one member of the proposed class is a citizen of a different state than Defendants, and the number of proposed class members exceeds 100.

/ / /

/ / /

/ / /

12.     Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) because Defendants transact business in this judicial district and certain acts giving rise to the claims asserted in this Complaint occurred within the District. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because this District is a District in which a substantial part of the events or omissions giving rise to the claim occurred. Specifically, Plaintiff completed Defendants' employment application process in the County of San Bernardino. Venue is proper in the Eastern Division of the Central District of California.

## THE PARTIES

13.     Plaintiff HARRY NORIESTA is a resident of San Bernardino County in the State of California.

14.     Defendants KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A, INC. was and is, upon information and belief, a New York corporation, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

15.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

/ / /

/ / /

/ / /

**PLAINTIFF'S FACTS**

2    16.    Plaintiff applied for a job with Defendants by completing an online

3    employment application on or about September 14, 2015, in San Bernardino

4    County, California.

5    17.    The application is equivalent to seven (7) physical pages in length.

6    The application contained numerous sections, including the "Consumer Disclosure

7    and Authorization Form" and "Release Authorization" sections, amongst others.

8    All sections of the application share an identical graphical design, style, layout,

9    and font. After completing the application, Plaintiff saved the entire document as

10   final, electronically signed it, and submitted the application to Defendants. A

11   redacted reproduction of Plaintiff's employment application is attached herein as

12   "**EXHIBIT 1**."

13   18.    As shown in **EXHIBIT 1**, the "Consumer Disclosure and

14   Authorization Form" section (pages 5-6) of the application provides that:

15

16       In connection with your application for employment, we may
         procure a consume report on you as part of the process of
17       considering your candidacy as an employee…We may inquire
         into your criminal history, educational credentials,
18       employment history and credit history.

19   19.    This section also provides a summary of the applicant's rights under

20   the FCRA and ICRAA:

21

22       The Fair Credit Report Act gives you specific right in dealing with
         consume reporting agencies. You will find these rights in the
23       'Summary of Your Rights under the Fair Credit Reporting Act' Click
         (sic) here to view.

24       A Summary of Your Rights Under the Provisions of California Civil
         Code Section 1786.22. Click here to review (sic)
25

26   / / /

27   / / /

28   / / /

20.     As shown in **EXHIBIT 1**, the "Release Authorization" section (page 6) of the application provides that:

> 1. In connection with my application for employment, I understand that a background investigation report may be requested…I understand that as directed by company policy and consistent with the job described, you may be requesting information from public and private sources about my: employment history, driving record, court record, education, credentials, credit, and references.

> 2. Medical and workers' compensation information will only be requested in compliance with the Federal Americans with Disabilities Act (ADA) and/or any other applicable state laws…

> 3. I hereby authorize, without reservation, any law enforcement agency, institution, information service bureau, school, employer, reference or insurance company contacted by ADP Screening and selection Services, 301 Remington, Fort Collins Colorado 80524 or its agent, to furnish the information described in Section 1…

> 4. …I hereby release the employer and agents and all person, agencies, and entities providing information or reports about me from any and all liability arising out of the request for or release of any above mentioned information or reports.

21.     The "Release Authorization" also provides a checkbox for applicants to request a copy of their background report:

> **California, Minnesota or Oklahoma applicants only:**
> Please indicate Yes or No if you would like to receive (whenever you have such right under the applicable state law) a copy of your background report if one is obtained on you by the company

22.     Plaintiff alleges that in evaluating him for employment, Defendants procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as defined by Cal. Civ. Code Section 1785.3(c), and an investigative consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

23.     Integrating the disclosure and authorization sections in the employment application (which functioned as a combined disclosure and authorization document) and including the extraneous provisions identified above violates Section 1681b(b)(2)(A) of the FCRA because the disclosures are not clear and unambiguous disclosures in stand-alone documents.

24.     Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report[2] or investigative consumer report[3] for employment purposes, unless a "clear and conspicuous" disclosure is made in a document that consists "solely of the disclosure" and the consumer has authorized in writing the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

25.     Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information. For example, a 1998 opinion letter from the FTC states: "Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A) requires that the consumer disclosure be] . . . in a document that consists solely of the disclosure."[4] In response to an inquiry as to whether the disclosure may be prominently set forth within an application for employment or whether it must truly be included in a separate document, the FTC responded in another 1998 opinion letter that, "[t]he disclosure may not be part of an employment application because the language [of

_____

[2] Section 1681a(d)(1)(B) of the FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes."

[3] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

[4] Coffey, FTC Informal Staff Opinion Letter, Feb. 11, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98 (last accessed April 4, 2019).

15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure."[5]

26.     Further, in a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information."[6]

27.     Thus, by integrating the disclosure in its employment application and further including extraneous information in the disclosure, Defendants willfully disregarded the FTC's regulatory guidance and violated § 1681b(b)(2)(A) of the FCRA.

For the same reasons, Defendants disclosure also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b). Defendants disclosure further violates Sections 1785.20.5(a) and 1786.16(b) because it fails to identify the investigative consumer reporting agency conducting the investigation; fails to identify a specific basis for requesting a consumer credit report under Cal. Labor Code Section 1024.5; and did not adequately inform Plaintiff and the CCRAA Class that they may request a copy of a consumer credit report.

/ / /

/ / /

/ / /

---

[5] Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed April 4, 2019).
[6] Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations: July 2011, available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-creditreporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last accessed April 4, 2019).

# CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

29.    Plaintiff's first proposed Class, the "**FCRA Class**," consists of and is defined as:

> All persons residing in the United States who applied for an employment position with Defendants at any time during the period for which a background check was performed within five years prior to the filing of this complaint until final judgment.

30.    Plaintiff's second proposed class, the "**ICRAA Class**," consists of and is defined as follows:

> All members of the FCRA Class who reside in California.

31.    Plaintiff's third proposed class, the "**CCRAA Class**," consists of and is defined as follows:

> All persons residing in California, who applied for an employment position with Defendants at any time during the period for which a background check was performed within seven years prior to the filing of this complaint until final judgment.

32.    Members of the Classes, as described above, will be referred to as "Class Members." Excluded from the Classes are:

      a.    Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and

      b.    the Judge to whom this case is assigned and the Judge's staff.

/ / /

/ / /

1    33.    Plaintiff reserves the right to amend the above Classes to add

2    additional subclasses as appropriate based on investigation, discovery, and the

3    specific theories of liability.

4    34.    Numerosity: The Class Members are so numerous that joinder of all

5    members would be unfeasible and impractical. The membership of the entire

6    Classes is unknown to Plaintiff at this time; however, the class is estimated to be

7    greater than one hundred (100) individuals and the identity of such membership is

8    readily ascertainable by inspection of Defendants' employment and/or hiring

9    records. Consequently, it is reasonable to presume that the members of the Classes

10   are so numerous that joinder of all members is impracticable. The disposition of

11   their claims in a class action will provide substantial benefits to the parties and the

12   Court.

13   35.    Commonality: There are common questions of law and fact as to

14   Class Members that predominate over questions affecting only individual

15   members, including, but not limited to:

16          a.    Whether it is Defendants' standard procedure to provide a

17                stand-alone written disclosure to applicants and employees

18                before obtaining a consumer report, investigative consumer

19                report, and/or credit report in compliance with the statutory

20                mandates;

21          b.    Whether it is Defendants' standard procedure to identify the

22                name, address, telephone number, and/or website of the

23                investigative consumer reporting agency conducting the

24                investigation before obtaining an investigative consumer report

25                and/or credit report in compliance with the statutory mandates;

26   / / /

27   / / /

28   / / /

a. Whether it is Defendants' standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

b. Whether it is Defendants' standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

c. Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

d. Whether Defendants' conduct described herein constitutes a violation of the UCL; and

e. The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

36. **Typicality**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

37. **Adequacy**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

38.     **Predominance**: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

39.     **Superiority**: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

40.     The Class may also be certified because:

    a.     the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

/ / /

/ / /

/ / /

b.     the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.     Defendants HAVE acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

**Violation of the Fair Credit Reporting Act § 1681b(b)(2)(A)**

**(As to the FCRA Class Only)**

41.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

42.     Defendants are "persons" as defined by § 1681a(b) of the FCRA.

43.     Plaintiff and Class Members are consumers within the meaning § 1681a(c) of the FCRA, because they are "individuals."

44.     Defendants violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class Members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

45.     Defendants' disclosure violates the stand-alone requirement because it is integrated and embedded in Defendants' employment application, combines federal and state disclosures, and includes a liability waiver.

/ / /

/ / /

46.     Moreover, even if the "Consumer Disclosure and Authorization Form" and "Release Authorization" constitute stand-alone documents, Defendants' disclosure violates § 1681b(b)(2)(A) by including extraneous state law in the "Consumer Disclosure and Authorization Form."

47.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and Class Members without first providing a written disclosure in compliance with §1681b(b)(2)(A) of the FCRA.

48.     Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

a.      Defendants are a large corporation with access to legal advice through their own general counsel's office and outside employment counsel.

b.      The Consumer Reporting Agency that provided Plaintiff's consumer report information to Defendants, ADP Screening and Selection Services, is an established background check provider.

/ / /

/ / /

/ / /

c.    Defendants were clearly aware that the required disclosure must be set forth in a written stand-alone document consisting solely of the disclosure, based on the fact Defendants provided a disclosure and required an authorization to perform credit and background checks in the process of employing Plaintiff and Class Members which, although defective, evidence Defendants' awareness of and willful failure to follow the statutory mandates.

d.    The plain language of the statute unambiguously indicates that including a disclosure in an employment application violates disclosure requirements.

e.    The plain language of the statute unambiguously indicates that including extraneous information in a disclosure violates disclosure requirements.

49.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

50.    As a result of Defendants' illegal procurement of consumer reports by way of their inadequate disclosure, as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

51.    Plaintiff, on behalf of himself and the FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

52.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

**<u>SECOND CAUSE OF ACTION</u>**

**Violation of the Investigative Consumer Reporting Agencies Act**

**Section 1786.16(a)(2)**

**(As to the ICRAA Class Only)**

53.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

54.     Defendants are "persons" as defined by Cal. Civ. Code Section 1786.2(a).

55.     Plaintiff and Class Members are "consumers" within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

56.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

57.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

/ / /

/ / /

/ / /

58. First, Section 1786.16(a)(2) provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct . . ., the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure[].
>
> > (i) An investigative consumer report may be obtained.
> >
> > (ii) The permissible purposes of the report is identified.
> >
> > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> >
> > (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
> >
> > (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.
> >
> > (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.
>
> (C) The consumer has authorized in writing the procurement of the report.

59. Defendants violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and Class Members with a clear and conspicuous disclosure in writing that consisted solely of the disclosure.

/ / /

/ / /

/ / /

18

60.     Defendants also violated Section 1786.16(a)(2)(B)(iv) and (vi) by failing to identify the investigative consumer reporting agency conducting the investigation. Although Defendants identifies ADP Screening and Selection Services, 301 Remington, Fort Collins, Colorado 80524, Defendants omits the term "Street" from ADP's address and fails to identify ADP's internet web site address (https://www.adpselect.com/login/).

61.     Moreover, even if the "Consumer Disclosure and Authorization Form" and "Release Authorization" constitute stand-alone documents, Defendants still violated Section 1786.16(a)(2)(B)(iv) and (vi) by failing to properly identify ADP in both sections. Defendants also violated Section 1786.16(5)(b)(1) by failing to provide a checkbox in the "Consumer Disclosure and Authorization Form" or on a separate consent form to request to receive a copy of the investigative consumer report.

62.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them with stand-alone disclosures, as required by law.

63.     Pursuant to Defendants' policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members without complying with the requirements set forth in Sections 1786.16(a)(2) of the ICRAA.

64.     Accordingly, Defendants willfully violated and continue to violate the ICRAA including, but not limited to Section 1786.16(a)(2), Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

/ / /

1    65.    As a result of Defendants' willful or grossly negligent failure to

2    provide the required form as set forth above, Plaintiff and Class Members have

3    been injured including, but not limited to, having their privacy and statutory rights

4    invaded in violation of the ICRAA, among other injuries.

5    66.    Plaintiff, on behalf of himself and the ICRAA Class Members, seeks

6    all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual

7    damages, punitive damages, injunctive and equitable relief, and attorneys' fees

8    and costs.

9    ## THIRD CAUSE OF ACTION

10   **Violation of the Consumer Credit Reporting Agencies Act Section**

11   **1785.20.5(a)**

12   **(As to the CCRAA Class Only)**

13   67.    Plaintiff hereby incorporates by reference the allegations contained in

14   this Complaint.

15   68.    Defendants are "persons" as defined by Cal. Civ. Code Section

16   1785.3(j).

17   69.    Plaintiff and Class Members are consumers within the meaning of

18   Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

19   70.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as

20   any written, oral, or other communication of any information by a consumer credit

21   reporting agency bearing on a consumer's credit worthiness, credit standing, or

22   credit capacity, which is used or is expected to be used, or collected in whole or in

23   part, for the purpose of serving as a factor in establishing the consumer's

24   eligibility for employment purposes.

25   / / /

26   / / /

27   / / /

28

20

71.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as:

> "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

72.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee." Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that: (a) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report; (b) informs the person of the source of the report; and (c) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

73.     At all relevant times herein, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members, because they failed to provide written notice to Plaintiff and Class Members that references a specific basis for the report under Cal. Labor Code Section 1024.5 and failed include a check box that would allow Plaintiff and Class Members to opt to receive a copy of their consumer credit report.

74.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of failing to:

    a.    identify the specific basis under Labor Code section 1024.5(a)
          for use of the report, and

/ / /

b.    provide notice including a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report.

75.    Pursuant to that policy and practice, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members.

76.    Accordingly, Defendants willfully violated and continue to violate the CCRAA including, but not limited to, Section 1785.20.5(a) and have violated the privacy rights of Plaintiff and Class Members. Defendants' willful conduct is reflected by, among other things, the facts set forth above.

77.    As a result of Defendants' willful conduct as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

78.    Plaintiff, on behalf of himself and the CCRAA Class Members, seeks all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

79.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**Violation of California Business & Professions Code Section 17200 *et seq.***

**(As to the FCRA, ICRAA, and CCRAA Class)**

80.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

81.     California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200 *et seq.,* protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

82.     As described above, Defendants has violated the "unlawful" prong of the UCL in that Defendants' conduct violated numerous provisions of the FCRA, ICRAA, and CCRAA.

83.     Defendants have violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise take the necessary steps to adhere to the FCRA, ICRAA, and CCRAA. Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.

84.     As a result of Defendants' conduct described herein and its willful violations of California Business & Professions Code Section 17203, Plaintiff and the Class have lost money and suffered harm as described herein.

/ / /

/ / /

/ / /

85. Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order (a) requiring Defendants to cease the unfair and unlawful practices described herein; and (b) awarding reasonable costs and attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

**REQUEST FOR JURY TRIAL**

86. Plaintiff requests a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED**

Plaintiff, on behalf of himself and Class Members, requests that the Court enter judgment against Defendants, as follows:

a. An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel;

b. A Declaration that Defendants' practices violate the FCRA, ICRAA, CCRAA, and UCL;

c. An award of statutory, compensatory, special, general, and punitive damages according to proof against Defendants;

d. An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

e. An award of pre-judgment and post-judgment interest, as provided by law;

f. Leave to amend the Complaint to conform to the evidence produced at trial;

/ / /

g.　An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code, §§ 1786.50 and 1785.31(a), Code of Civil Procedure § 1021.5; and

h.　Such other relief as may be appropriate under the circumstances.

DATED:　April 5, 2019　　　　　　　　　**JUSTICE LAW CORPORATION**

By:　＿＿/s/ Douglas Han＿＿＿＿＿＿＿＿＿
　　　Douglas Han
　　　Shunt Tatavos-Gharajeh
　　　*Attorneys for* Plaintiff